IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS RAY SIDES                              §
                                             §
                    Petitioner,              §
                                             §
VS.                                          §          NO. 3-08-CV-1099-O
                                             §
NATHANIEL QUARTERMAN, Director               §          (Consolidated With:
Texas Department of Criminal Justice,        §          No. 3-08-CV-1100-O)
Correctional Institutions Division           §
                                             §
                    Respondent.              §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Ray Sides, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be

dismissed as procedurally barred.

I.

A Dallas County grand jury charged petitioner in separate indictments with evading arrest

and assault on a public servant. Petitioner pled guilty to both indictments and was sentenced to 25

years confinement in each case. His convictions and sentences were affirmed on direct appeal. *Sides*

*v. State*, Nos. 05-05-01093-CR & 05-05-01098-CR, 2006 WL 1529742 (Tex. App.--Dallas, Jun. 6,

2006, pet. ref'd). Petitioner also filed a total of six applications for state post-conviction relief--three

writs for each conviction. The first set of writs was dismissed because a direct appeal was pending.

*Ex parte Sides*, WR-66,982-01 & WR-66,982-02 (Tex. Crim. App. Mar. 21, 2007). The second set

of writs was granted, but only to give petitioner an opportunity to file an out-of-time PDR. *Ex parte*

*Sides*, No. AP-75753, 2007 WL 2654364 & AP-75754, 2007 WL 2653962 (Tex. Crim. App. Sept.

12, 2007).  The third set of writs was denied without written order.  *Ex parte Sides*, WR-66,982-05 & WR-66,982-06 (Tex. Crim. App. Feb. 6, 2008).  Petitioner then filed this action in federal district court.

## II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney advised him to reject a plea bargain for a five-year sentence and enter open pleas of guilty in hopes of getting probation.[1]  Respondent counters that this claim is unexhausted and procedurally barred from federal habeas review.

## A.

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A).  This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner.  *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).  In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.  *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110-11.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v.*

---

[1] Petitioner originally filed a *pro se* application for writ of habeas corpus containing more than 30 grounds for relief.  Shortly after this pleading was filed, petitioner, who suffers from an undisclosed mental illness, asked the court to appoint a lawyer to represent him.  The court appointed the Federal Public Defender to represent petitioner and directed counsel to file an amended pleading that contains "all grounds upon which petitioner challenges his state convictions."  *See* Order, 7/24/08 at 2.  In its order, the court notified petitioner and his attorney that the amended pleading would supersede petitioner's *pro se* writ.  *See id.*  The court therefore considers only the single ground for relief raised by petitioner in his amended federal writ.

*Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits

a prisoner from filing a second or successive application for post-conviction relief if the grounds

stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC.

ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after
> final disposition of an initial application challenging the same
> conviction, a court may not consider the merits of or grant relief
> based on the subsequent application unless the application contains
> sufficient specific facts establishing that:
>
> > (1)     the current claims and issues have not been and could
> > not have been presented previously in an original application or in a
> > previously considered application filed under this article because the
> > factual or legal basis for the claim was unavailable on the date the
> > applicant filed the previous application; or
>
> > (2)     by a preponderance of the evidence, but for a violation
> > of the United States Constitution no rational juror could have found
> > the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a

successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735

n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails

to exhaust available state remedies and "the court to which the petitioner would be required to

present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred").

### B.

The only claim presented by petitioner in his amended federal writ is that defense counsel

was ineffective for advising him to reject a plea bargain and to enter open pleas of guilty in hopes

of getting a probated sentence. Although petitioner raised this claim in his first set of state writs,

*see Ex parte Sides*, WR-66,982-01, Tr. at 007 & WR-66,982-02, Tr. at 007, those writs were

dismissed because a direct appeal was pending. Such a dismissal renders the claim unexhausted for purposes of federal habeas review. *See Turner v. Quarterman*, No. 4-06-CV-0079-Y, 2006 WL 2321693 at *2 (N.D. Tex. Aug. 10, 2006), *citing Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 963 (2003). Petitioner also raised several ineffective assistance of counsel claims in his second set of state writs, arguing, *inter alia*, that counsel was ineffective for advising him to plead guilty "under the circumstances" and "by means of an erroneously marked plea agreement." *See Ex parte Sides*, WR-66,982-03, Tr. at 006, 008 & WR-66,982-04, Tr. at 007, 009. But even if the court liberally construes those claims to be the equivalent of the ineffective assistance of counsel claim presented by petitioner in his federal writ, the claim still is unexhausted. When the Texas Court of Criminal Appeals granted post-conviction relief to allow petitioner to file an out-of-time PDR, his other claims were dismissed pursuant to *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).[2] Petitioner had the opportunity to raise this ineffective assistance of counsel claim in an out-of-time PDR or in a subsequent state writ. His failure to do so precludes federal habeas review of that claim. *See Bible v. Quarterman*, No. 3-08-CV-0885-G, 2008 WL 4348914 at *2-3 (N.D. Tex. Sept. 22, 2008) (state habeas claims dismissed pursuant to *Torres* were not properly exhausted for purposes of federal habeas review); *Neyra v. Cockrell*, No. 3-02-CV-0899-D, 2003 WL 162174 at *1 (N.D. Tex. Jan. 15, 2003) (same).

It is apparent that petitioner has failed to exhaust his state remedies with respect to the only claim presented in his amended federal writ. The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07, § 4. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v.*

---

[2] In *Torres*, the Texas Court of Criminal Appeals explained that the granting of an out-of-time appeal or, in this case, an out-of-time PDR, restores the pendency of the direct appeal, thereby rendering any remaining substantive claims premature and subject to dismissal. *Torres*, 943 S.W.2d at 472.

*Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed as procedurally barred.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE