IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RAY SIDES, | § | |
| | § | |
| Petitioner | § | |
| | § | |
| V. | § | No. 3:08-cv-1099-O |
| | § | |
| WILLIAM STEPHENS, Director | § | <u>(Consolidated With</u>: |
| Texas Department of Criminal Justice | § | No. 3:08-cv-1100-O) |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Thomas Ray Sides has filed a petition to reopen this closed 28 U.S.C. § 2254 proceeding and/or petition to file a subsequent application for habeas corpus pursuant to Section 2254 [Dkt. No. 45] and a motion for leave to proceed *in forma pauperis* [Dkt. No. 46]. Both have been referred to the undersigned United States magistrate judge for hearing, if necessary, and determination and recommendation pursuant to 28 U.S.C. § 636(b)(1). *See* Dkt. No. 48. The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

In June 2008, Petitioner filed *pro se* applications for writ of habeas corpus in this action and in the related, consolidated action, Case No. 3:08-cv-1100-O (N.D. Tex.). Together, Petitioner's applications contained more than 30 grounds for relief. On July 24, 2008, after determining that it was apparent that Petitioner suffers from an

undisclosed mental illness and, as such, would benefit from the appointment of counsel, the Court granted Petitioner's motion for appointment of counsel and appointed the Federal Public Defender to represent Petitioner. *See* Dkt. No. 10. The Court directed counsel to file an amended application that contains "all grounds upon which petitioner challenges his state convictions[, which] will supersede the *pro se* applications" filed by Petitioner. *Id*. The amended application, filed October 8, 2008, asserted a single ground for relief – that Petitioner received ineffective assistance of counsel because his attorney advised him to reject a plea bargain for a five-year sentence and enter open pleas of guilty in hopes of getting probation. *See* Dkt. No. 17.

On September 4, 2009, the Court dismissed Petitioner's habeas application, finding that the claim he asserted was unexhausted and procedurally barred. *See* Dkt. Nos. 21, 24, & 25. In January 2011, the United States Court of Appeals for the Fifth Circuit dismissed Petitioner's appeal, finding that it had no jurisdiction over the appeal because Petitioner filed his notice of appeal more than one year after this Court entered judgment. *See* Dkt. No. 38.

On September 23, 2014, Petitioner filed his motion to reopen this closed proceeding and/or petition to file a subsequent application for habeas corpus pursuant to Section 2254 on the basis that the Texas Court of Criminal Appeals "erroneously and illegally ruled on and denied [his] writs" in *Ex parte Sides*, WR-66,982-05 & WR 66,982-06 (Tex. Crim. App. Feb. 6, 2006). Dkt. No. 45 at 3. Petitioner asserts that this action by the Court of Criminal Appeals prevented two new writs that he filed January 19, 2010, *see Ex parte Sides*, WR-66,982-09 & WR 66,982-10, from being considered "on

their merits, clearing the way for Petitioner to return to federal court and either reopen his original writ application ... or simply refile" his applications. *Id.*; *see also id.* ("Clearly, the [jurisdictional error by the Texas] Court of Criminal Appeals ... was the 'cause' of Petitioner's not being able to return to the federal courts after his state remedies would have been exhausted....").

Related to this argument, Petitioner references a letter from his counsel, then-Assistant Federal Public Defender Jason D. Hawkins, dated June 30, 2009 [Dkt. 45 at 35]. Petitioner characterizes the letter as his counsel's telling him "to return to state court" after entry of United States Magistrate Judge Jeff Kaplan's March 31, 2009 recommendation that Petitioner's federal application be denied because his sole claim was unexhausted and procedurally defaulted. *See* Dkt. No. 21. In the letter, however, Mr. Hawkins informs Petitioner that "[a]ny petition that you submit to the state courts will likely be dismissed as a successor." Dkt. 45 at 35. He nevertheless encouraged Petitioner to "present [to the state courts] the claims that [were] presented in [Petitioner's] amended petition to the federal courts" *Id.* (advising that "it cannot hurt to try because you would be in no worse of a position that you are now").

## Legal Standards and Analysis

Petitioner fails to cite a legal basis to "reopen" this case. But

Federal Rule of Civil Procedure 60(b) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief."

*Davis v. Stephens*, No. 3:07-cv-167-B, 2014 WL 4097631, at *2 (N.D. Tex. Aug. 19, 2014) (quoting FED. R. CIV. P. 60(b)(1)-(6)). The Court may not, however, "consider a Rule 60(b) motion that presents a successive habeas petition within the meaning of *Gonzalez v. Crosby*, 545 U.S. 524 (2005)." *Id.*; *see also Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

As this Court has recently summarized,

[A] true Rule 60(b) motion must not challenge the merits of a prior habeas decision.

In contrast, a motion directed other than towards the court's resolution of the merits can be said to attack a defect in the integrity of the habeas proceedings, and may be considered as a 60(b) motion. Examples of the latter include a showing "that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."

...

Integrity-of-the-proceedings claims arise where a procedural matter precludes a determination by the court of the merits of the habeas petition.

*Coleman v. Stephens*, No. 4:11-CV-542-A, 2014 WL 4512484, at *2 (N.D. Tex. Sept. 12, 2014) (citing *Balentine*, 626 F.3d at 846 (in turn quoting *Gonzalez*, 545 U.S. at 532 n.4)).

Construed liberally, it does appear that Petitioner attacks a defect in the

integrity of the habeas proceedings by arguing that the Texas Court of Criminal Appeals was without jurisdiction to rule on his writs in *Ex parte Sides*, WR-66,982-05 & WR 66,982-06 (Tex. Crim. App. Feb. 6, 2006). But Judge Kaplan referenced the denial of these writs in the procedural history section of his Findings, Conclusions, and Recommendation, *see* Dkt. No. 21 at 2, in which he recommended that the Court need not review Petitioner's application on the merits because his only claim was unexhausted and procedurally defaulted.

Thus, the alleged defect that Petitioner now brings to the Court's attention, as the basis for his request to "reopen" this case, was apparent at the time that Petitioner was first before the Court – that time with the benefit of appointed counsel – and Petitioner cannot now, some six year later, use that perceived defect as a basis for relief under Rule 60(b). *See, e.g., Buell v. Anderson*, 48 F. App'x 491, 496 (6th Cir. 2002) ("There is no apparent reason why [petitioner] could not have made all of these arguments – characterized by the court of appeals as an 'attack on the state court proceedings' – in the original federal habeas proceeding. While it is undeniably true that the alleged errors in the state court proceedings were relevant to the federal habeas proceedings, it is difficult to imagine any case in which this could not occur (or at least could not be plausibly alleged). Therefore, adopting Buell's reasoning would defeat AEDPA's one-bite-at-the-apple philosophy. This would mean the return of endless successive motions for habeas relief, this time in the guise of 60(b) motions to reopen the consideration of the denial of habeas relief, and iterations *ad infinitum*.").

Petitioner clearly also requests leave to file a successive 28 U.S.C. § 2254

petition. But the Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3).

The Court of Appeals has not issued an order authorizing this Court to consider a successive Section 2254 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th

Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's motion for leave to proceed *in forma pauperis* [Dkt. No. 46] should be granted.

Petitioner's motion [Dkt. No. 45], to the extent that it requests that this case be "reopened" based on an alleged defect in the integrity of the habeas proceedings, should be construed as a Rule 60(b) motion and denied. To the extent that the motion requests leave to file a successive 28 U.S.C. § 2254 motion, it should be construed as an unauthorized successive 28 U.S.C. § 2254 motion. The Court should direct the Clerk of the Court to open a new civil action (nature of suit: 530), assign the case to District Judge Reed C. O'Connor and Magistrate Judge David L. Horan, and file the motion in that action. The Clerk's Office should be directed to terminate the motion [Dkt. No. 45], and the successive 28 U.S.C. § 2254 motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE